REICHERT *v.* PEOPLES STATE BANK FOR SAVINGS.

1. BANKS AND BANKING—MUNICIPAL CORPORATIONS—STATUTES—DEPOSITORY AGREEMENTS.

Act No. 22, Pub. Acts 1931, a special temporary emergency statute granting direct and general authority to banks to use depository agreements as to municipal funds on forms approved by banking commissioner *held,* not subject to, nor inconsistent with, Act No. 21, Pub. Acts 1931, amending 3 Comp. Laws 1929, § 11932, making additional requirement of banking commissioner's written order authorizing pledge of assets under such agreement but also affording protection to State and Federal funds; therefore, sale of assets pledged in accordance with Act No. 22 is valid.

2. STATUTES—IN PARI MATERIA.

    The rule, *in pari materia*, does not permit use of previous statute to control by way of former policy the plain language of a subsequent statute, much less to add a condition or restriction thereto found in the earlier statute and left out of the later one.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 4, 1934. (Docket No. 61, Calendar No. 37,550.) Decided January 30, 1934.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against Peoples State Bank for Savings. Receiver appeals from allowance of petition by County of Muskegon to allow certain claims. Affirmed.

*Parmenter & Van Eenenaam,* for receiver.

*George H. Cross,* for petitioner.

*Shields, Silsbee, Ballard & Jennings,* amicus curiae.

WIEST, J. In full accord with the provisions of Act No. 22, Pub. Acts 1931, the Peoples State Bank for Savings of Muskegon, in lieu of a depository bond, securing funds of the county of Muskegon, deposited with the Bankers Trust Company of Muskegon, under a written agreement, approved as to form by the commissioner of the banking department, and executed by the bank and county and the trust company, certain United States treasury certificates. The bank failed and the trust company sold the pledged certificates and paid the proceeds to the county, as provided by the mentioned act. The receiver for the bank concedes that what was done was within the provisions of Act No. 22, but contends that the provision of Act No. 21, Pub. Acts

1931, requiring authorization by the written order of the commissioner of the banking department of pledge of assets, should be read into Act No. 22, and it was not enough to comply with the term approved as to form by the commissioner of the banking department as provided by Act No. 22, therefore, the deposit agreement was void. The receiver prosecutes an appeal from a contrary holding.

Act No. 21 was an amendment to one section of the general banking law (3 Comp. Laws 1929, § 11932) and, so far as here involved, provides:

"That any bank may when authorized by the written order of the commissioner of the banking department of the State of Michigan, pledge qualified assets of the bank (enumerated) * * * for the purpose of becoming a depository for postal savings or other government funds under the laws of the United States, or for the purpose of becoming a depository for surplus funds belonging to the State of Michigan, or to any city, county, township, village or school district within the State of Michigan; * * * under a suitable depository agreement approved as to form by the commissioner of the banking department of the State of Michigan."

It will be noticed that this act requires specific written authorization and employment of a form of agreement approved by the commissioner of the banking department.

Act No. 22 was approved the same day as Act No. 21. Both acts were given immediate effect. Act No. 21 was a permanent amendment to the general banking law, while Act No. 22 was special and of an emergency nature and repealed, by express declaration, acts and parts of acts inconsistent with its provision, and provided:

"This act shall have no force or effect after July one, nineteen hundred thirty-three."

This act provided:

"Any bank * * * which shall be designated as a depository for funds of a city, county, township, village, school district or other political subdivision as provided by law; may, in lieu of the surety bond required to be furnished to secure such funds, deposit under a suitable depository agreement, the terms of which shall be approved by the governing body of the depositing municipality or political subdivision, with a Michigan trust company or State or national bank within the State of Michigan authorized to act in such a fiduciary capacity, assets (enumerated) * * * and any such municipality or political subdivision shall have authority to accept such depository agreement in lieu of the bond required by any statute of this State as security for the deposit of the funds of such municipality or political subdivision. Such depository agreement shall also be approved as to form by the commissioner of the banking department of the State of Michigan."

This act provided also for the sale of the pledged assets in case of default and payment of proceeds to the protected municipality or political subdivision. It will be noticed that this act granted direct and general authority, only exacting form of agreement approved by the commissioner of the banking department.

In the instance at bar the agreement was upon a form sent out by the commissioner of the banking department and, in every particular, the provisions of Act No. 22 were followed.

Act No. 21 applies as well to postal savings or other fiduciary government funds, while Act No. 22 is limited to State or municipal division funds, and this may have been the reason for requiring authorization under Act No. 21 and not under the other. But, be that as it may, the emergency and short-lived act is complete in itself, grants direct power,

and this may not be taken away by importing a condition from the other act. The acts are not inconsistent and Act No. 22 admits of no contraction of its provisions by anything in Act No. 21.

Construction in the instant case is not required for the language is clear and unambiguous.

In *Voorhies* v. *Judge of Recorder's Court*, 220 Mich. 155 (27 A. L. R. 706), it was stated:

"The rule, *in pari materia*, does not permit the use of a previous statute to control by way of former policy the plain language of a subsequent statute; much less to add a condition or restriction thereto found in the earlier statute and left out of the later one. The contention made, if allowed, would go beyond the construction of the statute, and engraft upon its provisions a restriction which the legislature might have added but left out."

It is to be assumed that the legislature, in framing and passing both acts, had full knowledge of the provisions of each and we have no right to enter the legislative field and, upon assumption of unintentional omission in the later act, supply what we may think might well have been incorporated.

The decree in the circuit is affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.