PEOPLE v. VAINES.

1. EVIDENCE—JUDICIAL NOTICE—KNIVES.

　Judicial notice is taken of the fact that jackknives with long pointed blades can be purchased at numerous stores and their sale is not prohibited by law.

2. CRIMINAL LAW—CONSTRUCTION OF STATUTES—CARRYING CONCEALED WEAPONS—LENGTH OF KNIFE BLADE.

In interpreting section of penal code making it a felony for one to carry concealed on or about his person, or in a vehicle operated or occupied by him a dagger, dirk, stiletto or "other dangerous weapon," trial court was in error in applying test of length of blade used in another section of the penal code making it a felony to carry a "knife having a blade over three inches in length or any other dangerous * * * weapon" with intent to use it unlawfully against the person of another (Act No. 328, §§ 226, 227, Pub. Acts 1931).

3. STATUTES—CONSTRUCTION—UNINTENTIONAL OMISSION—COURTS.

In enacting two sections of a statute it is to be assumed that the legislature had full knowledge of the provisions of each and a court has no right to enter the legislative field upon the assumption of an unintentional omission in one of the sections and supply what it may think might well have been incorporated (Act No. 328, §§ 226, 227, Pub. Acts 1931).

4. CRIMINAL LAW—CARRYING CONCEALED WEAPON—USE OF ARTICLE CARRIED—QUESTION OF FACT.

In interpreting section of the penal code making it a felony for one to carry concealed on or about his person or in a vehicle operated or occupied by him a dagger, dirk, stiletto, or "other dangerous weapon," a court should ascertain and give effect to the legislative intent and while there are many articles other than those specifically named which might properly come within the scope of the term "dangerous weapon" if used or carried for use as weapons, whether or not articles generally usable for peaceful purposes fall within prohibited category

depends upon use which carrier made of them, a question of fact for determination of court or jury (Act No. 328, § 227, Pub. Acts 1931).

5. WEAPONS—DANGEROUS WEAPONS PER SE.

While daggers, dirks, stilettos, metallic knuckles, slung-shots, pistols and similar articles, designed for the purpose of bodily assault or defense, are generally recognized as dangerous weapons *per se*, other articles become dangerous weapons only when used or carried for use as weapons.

6. CRIMINAL LAW—CARRYING CONCEALED WEAPONS—JACKKNIFE WITH 3 5/16-INCH BLADE.

In prosecution under section of penal code making it a felony to carry a concealed weapon where it appears that an ordinary jackknife with a 3 5/16-inch blade was found on defendant's person when he was arrested for speeding but there was no evidence that he used it or was carrying it for use as a weapon of assault or defense, it was not a "dangerous weapon" within the statutory proscription (Act No. 328, § 227, Pub. Acts 1931).

Appeal from Recorder's Court for the City of Detroit; Skillman (W. McKay), J. Submitted January 11, 1945. (Docket No. 65, Calendar No. 42,752.) Decided February 20, 1945.

Bennie Vaines was convicted of carrying concealed weapons. Reversed and defendant ordered discharged.

*Albert Summer,* for appellant.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Julian G. McIntosh,* Prosecuting Attorney, and *Harold Helper,* Assistant Prosecuting Attorney, for the people.

STARR, C. J. On this appeal the facts are stipulated. On the night of July 30, 1943, defendant was arrested for speeding in the city of Detroit.

The arresting officers searched him and found a knife with a single folding blade 3 5/16 inches long concealed in his right hip pocket. He was charged with carrying "a dangerous weapon, to-wit, a knife, * * * concealed on or about his person" in violation of section 227 of the penal code (Act No. 328, § 227, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115-227, Stat. Ann. § 28.424]). On trial without a jury he was convicted, his motion for a new trial was denied, and he was sentenced to a prison term of 1 to 5 years. Having obtained leave, he appeals, contending that the knife found in his pocket was not a dangerous weapon within the meaning of said statute and that the evidence did not establish his guilt beyond a reasonable doubt.

Defendant testified that about a year before his arrest he had found the knife in the plant where he worked. He said that in his work as a "chipper" he often used it to scrape the sand out of holes in castings, and that he had never used it as a weapon either of assault or defense. During the argument on this appeal the prosecution submitted the knife for our inspection, and it was our impression that it was an ordinary type of jackknife with a rather long, pointed blade. We agree with the trial court, who said that similar knives are carried by many people and can be purchased at numerous stores and that their sale is not prohibited by law.

Section 226 of the penal code (Act No. 328, § 226, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115-226, Stat. Ann. § 28.423]), relating to the carrying of firearms or dangerous weapons with "intent to use the same unlawfully," provides in part:

"Any person who, *with intent to use the same unlawfully* against the person of another, goes armed with a pistol or other firearm or dagger, dirk, razor,

stiletto, or *knife having a blade over three inches in length,* or any other dangerous or deadly weapon or instrument, shall be guilty of a felony."

Section 227 of the penal code, relating to the carrying of concealed weapons, under which defendant was charged and convicted, provides in part:

"Any person who shall carry a dagger, dirk, stiletto or *other dangerous weapon* except hunting knives adapted and carried as such, concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him; and any person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony."

The trial court determined that the knife was a "dangerous weapon" within the meaning of section 227, because it had a blade more than three inches in length. That is, he applied the length-of-blade test provided for in section 226 to determine defendant's guilt under section 227. In his opinion denying defendant's motion for a new trial, the court said in part:

"It is the opinion of this court that the legal test to be applied in determining whether or not a knife is a dangerous weapon is the test set forth by the legislature in the previous statute (section 226, penal code), to-wit, the length of the blade, and that when the blade of the knife is over three inches in length the carrying of such a knife concealed in or about the person becomes a violation of the carrying

concealed weapons statute (section 227, penal code.)"

The trial court erred in using the length-of-blade test provided for in section 226 to determine the question of defendant's guilt under section 227. These two sections relate to different offenses, and the words "other dangerous weapon" appearing in section 227 can be interpreted without reference to other sections of the penal code. It may reasonably be assumed that the legislature was cognizant of the three-inch-blade provision in section 226, and had it intended to apply such length-of-blade rule in section 227, it would have expressly so provided. We cannot arbitrarily assume that such provision was unintentionally omitted from section 227. In *Reichert* v. *Peoples State Bank for Savings,* 265 Mich. 668, we said:

"It is to be assumed that the legislature, in framing and passing both acts, had full knowledge of the provisions of each and we have no right to enter the legislative field and, upon assumption of unintentional omission in the later act, supply what we may think might well have been incorporated."

The question presented on this appeal is whether or not the knife carried by plaintiff was a "dangerous weapon" within the meaning of section 227. To answer this question requires an interpretation of the term "dangerous weapon" as used in said section. In such interpretation we should endeavor to ascertain and give effect to the intention of the legislature. *City of Grand Rapids* v. *Crocker,* 219 Mich. 178. Said section reads in part: "dagger, dirk, stiletto or other dangerous weapon." It is manifest that there are many articles or instruments, other than daggers, dirks and stilettos, which might properly come within the scope of the term "dangerous weapon" if they were used or carried

for use as weapons. For example, pocket knives, razors, hammers, hatchets, wrenches, cutting tools, and other articles which are manufactured and generally used for peaceful and proper purposes, would fall within the category of dangerous weapons if used for or carried for the purpose of assault or defense. Whether or not such articles are dangerous weapons, within the meaning of that term as used in section 227, would depend upon the use which the carrier made of them. As said in *People* v. *Gogak,* 205 Mich. 260, 265: "There are knives and knives, some dangerous and offensive and some not." In interpreting the words "other dangerous weapon," as used in section 82 of the penal code relating to assault, Mr. Justice WIEST said in the case of *People* v. *Goolsby,* 284 Mich. 375, 378:

"Some weapons carry their dangerous character because so designed and are, when employed, *per se,* deadly, while other instrumentalities are not dangerous weapons unless turned to such purpose. The test as to the latter is whether the instrumentality was used as a weapon and, when so employed in an assault, dangerous. The character of a dangerous weapon attaches by adoption when the instrumentality is applied to use against another in furtherance of an assault. When the purpose is evidenced by act, and the instrumentality is adapted to accomplishment of the assault and capable of inflicting serious injury, then it is, when so employed, a dangerous weapon."

Daggers, dirks, stilettos, metallic knuckles, slungshots, pistols, and similar articles, designed for the purpose of bodily assault or defense, are generally recognized as dangerous weapons *per se.* Other articles and instruments become dangerous weapons only when they are used or carried for use as weapons. Therefore, in a prosecution under section 227 it becomes a question of fact for court or jury

determination as to whether or not such articles or instruments are used or carried for the purpose of use as weapons of assault or defense. *People* v. *Gogak, supra.*

We are convinced that the legislature intended the words "other dangerous weapon," as used in section 227, to mean any concealed article or instrument which the carrier used, or carried for the purpose of using, as a weapon for bodily assault or defense. The legislature certainly did not intend to include as a dangerous weapon the ordinary type of jackknife commonly carried by many people, unless there was evidence establishing that it was used, or was carried for the purpose of use, as a weapon.

The knife carried by defendant was not a dangerous weapon *per se.* It was an ordinary jackknife, and there was no evidence showing, or from which it could reasonably be inferred, that he had used it, or was carrying it for use, as a weapon of assault or defense. The trial court said in part:

"The court finds no evidence that this knife was a 'dangerous weapon' from any circumstances incident to the arrest, or from any other testimony in the case."

Therefore, under the facts and circumstances of the present case, it was not a "dangerous weapon" within the intended meaning of said section 227.

As hereinbefore mentioned, the trial court erroneously based his determination of defendant's guilt on the ground that the knife in question had a blade more than three inches in length. Furthermore, the evidence did not establish defendant's guilt beyond a reasonable doubt. The judgment of conviction is reversed and defendant ordered discharged.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.