PEOPLE v. MORRIS.

1. CRIMINAL LAW—CONSTRUCTION OF STATUTES—CARRYING CONCEALED WEAPON—OTHER DANGEROUS WEAPONS.

"Other dangerous weapon" as used in statute prohibiting carrying of concealed weapons, is defined to mean any concealed article or instrument which the carrier used, or carried for the purpose of using, as a weapon for bodily assault or defense (CL 1948, § 750.227).

2. WEAPONS—DANGEROUS WEAPONS PER SE.

Certain articles are dangerous weapons *per se;* others become dangerous only when used or carried for use as weapons (CL 1948, § 750.227).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 56 Am Jur, Weapons and Firearms §§ 2, 3.

Offense of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 492.

3. CRIMINAL LAW—BURDEN OF PROOF—DANGEROUS WEAPON.

   Prosecutor has burden of proving instrument which is not neces-
   sarily a dangerous weapon was carried as a weapon, *i.e.,* for
   either offensive or defensive purposes, in prosecution for
   carrying a concealed weapon (CL 1948, § 750.227).

4. SAME—EVIDENCE—CARRYING CONCEALED WEAPON.

   Testimony that defendant threatened to cut complaining witness
   up *held,* to establish that straight razor he was carrying
   was being carried as a weapon, in prosecution for carrying
   concealed weapon (CL 1948, § 750.227).

5. SAME—EVIDENCE—CARRYING CONCEALED WEAPON—RAZORS.

   Testimony by arresting officer that he found a razor in defend-
   ant's pocket after defendant had told a woman he was going
   to cut her up, and that the razor was covered in defendant's
   pocket *held,* sufficient evidence to establish that the razor was
   carried as a weapon and that it was concealed (CL 1948,
   § 750.227).

Appeal from Recorder's Court of Detroit; Gillis
(Joseph A.), J. Submitted Division 1 June 7, 1967,
at Detroit. (Docket No. 3,205.) Decided December
4, 1967.

Nelson A. Morris was convicted of carrying a
concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief
Appellate Lawyer, and *Thomas P. Smith,* Assistant
Prosecuting Attorney, for the people.

*George W. Schudlich* (*Edward P. Echlin,* of
counsel), for defendant.

FITZGERALD, P. J. Defendant was arrested on
complaint of a woman that he had encountered
while both were walking in downtown Detroit. She
had informed a policeman that defendant demanded

a cigarette from her by saying, "Give me a cigarette or you'll go down just like the building." A building was being demolished nearby. Upon arrest, a straight razor was found concealed in his pocket.

He stated to complainant at the time of his arrest, "You just better have the right man or I'm going to cut you up." He subsequently told a police officer that he was merely carrying the razor to be sharpened and produced a bus transfer to show he intended to proceed to the barber shop. The trial judge concluded that he was carrying the razor as a weapon and he was convicted by the court of carrying a concealed weapon. CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424).

Defendant raises 2 issues on appeal:

(1) Is a straight razor a dangerous weapon within the contemplation, legislative intent and purview of the statute?

(2) Was the judgment of the trial court clearly erroneous?

A straight razor, or any kind of razor, is not mentioned specifically in the statute. The relevant portion of the statute is, "Any person who shall carry a dagger, dirk, stiletto or *other dangerous weapon*." CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424). (Emphasis supplied.)

The question is, in a case of this nature, is the straight razor a dangerous weapon? The burden is on the prosecution to prove that the instrument was carried as a weapon, *i.e.*, for either offensive or defensive purposes. The Supreme Court has defined " 'other dangerous weapon' as used in section 227, to mean any concealed article or instrument which the carrier used, or carried for the purpose of using, as a weapon for bodily assault or defense." *People* v. *Vaines* (1945), 310 Mich 500, 506.

The following language from the same case is also relevant. It should be read substituting "straight razor" for "jackknife".

"The legislature certainly did not intend to include as a dangerous weapon the ordinary type of jackknife commonly carried by many people, unless there was evidence establishing that it was used, or was carried for. the purpose of use, as a weapon.
"The knife carried by defendant was not a dangerous weapon *per se.*"

In the case at bar, there is evidence to establish defendant was carrying it as a weapon: his statement to the complainant on the street and in front of a police officer. The prosecutor fulfilled his burden of introducing evidence to show the straight razor was being carried as a weapon.

The trial court was convinced that the straight razor was being carried as a weapon and that it was concealed on defendant. The defendant claims these conclusions were clearly erroneous.

That the razor was being carried as a weapon is borne out by the following dialogue during the trial in the testimony of the arresting officer:

*"The Witness.* And I called for a car. I shook the defendant down, and I found a razor in his right front pocket; and he had told Mrs. Kendricks that he was going to cut her up—

*"Mr. Arvan (defense counsel).* Well, let me object to that, unless the officer was there.

*"The Witness.* I heard him say this in front of me.

*"The Prosecution.* That was in your presence?

*"The Witness.* That was in my presence.

*"The Prosecution.* He said he was going to cut her up. Did he qualify that any at all?

*"The Witness.* He said, 'You just better have the right man, or I'm going to cut you up.'"

The arresting officer testified as follows on the question of whether the weapon was concealed:

"*The Court.* Could you see the razor, was it concealed in his pocket?

"*The Witness.* The razor was in his pocket. It wasn't concealed.

"*The Court.* Could you see it?

"*The Witness.* You could see the outline of it in his pocket, yes.

"*The Court.* You mean, when you patted him down?

"*The Witness.* When you looked, you could see the outline in his pocket on the outside.

"*The Court.* You mean, the imprint?

"*The Witness.* The imprint.

"*The Court.* Could you see any portion of the razor?

"*The Witness.* Not openly, no; it was covered in his pocket, yes.

"*The Court.* The outline could have been a stick of wood.

"*The Witness.* Could have been a knife.

"*The Court.* I mean, you couldn't discover what it was until you took it?

"*The Witness.* That's right."

This presents sufficient evidence of concealment. The evidence on the question of the nature of the instrument is presented above.

The prosecution presented sufficient evidence to prove the guilt of the defendant beyond a reasonable doubt. The trial court did not commit error in finding the defendant guilty as charged.

Affirmed.

McGREGOR and LEVIN, JJ., concurred.