PEOPLE *v.* CRONEY

ROBBERY—ARMED ROBBERY—WEAPON—JACKKNIFE.
  Evidence that defendant wielded a pocket jackknife during a
  robbery is sufficient to support a finding that defendant was
  armed with a dangerous weapon and, consequently, that the
  robbery was robbery armed (CLS 1961, § 750.529).

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 July 23, 1968, at
Detroit. (Docket No. 3,533.) Decided February 28,
1969.

Ernest Croney was convicted of robbery armed.
Defendant appeals. Affirmed.

*Frank J. Kelly,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant
Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

BEFORE: LESINSKI, C. J., and QUINN and T. M.
BURNS, JJ.

PER CURIAM. Defendant Ernest Croney was
charged with having committed the crime of robbery

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur, Robbery §§ 4, 50.

armed in violation of CLS 1961, § 750.529 (Stat Ann .1969 Cum Supp § 28.797), in 1965 in the city of Detroit. He was tried by the court without a jury on September 26, 1966, and found guilty.

The appeal tests the finding of the court that defendant was armed with a dangerous weapon during the robbery. The people file a motion to dismiss the appeal or to affirm the conviction.

The record and motion to dismiss or affirm disclose that evidence was offered that defendant wielded a pocket jackknife during the robbery. Such evidence is sufficient, if believed, to sustain the conviction. See *People* v. *Morris* (1967), 8 Mich App 688, 690, and *People* v. *Vaines* (1945), 310 Mich 500, 506. There was evidence establishing that the jackknife was used, or was carried for the purpose of use, as a weapon.

Affirmed.