PEOPLE v. RAGLAND

1. CRIMINAL LAW—FELONIOUS ASSAULT—DANGEROUS WEAPON—FACT
   QUESTION.
    The question of whether a flashlight is a dangerous weapon is a
    question of fact for the jury to decide in light of the other
    circumstances surrounding a case that results in a charge of
    felonious assault therewith (CL 1948, § 750.82).

2. SAME—PLACE WHERE OFFENSE OCCURRED—JURISDICTION—VENUE
   —FACT QUESTION.
    Question of the location at which criminal offense occurred, and
    therefore whether the trial court had jurisdiction over the
    matter, is a question of fact for the jury to decide.

Appeal from Wayne, Moody (Blair, Jr.), J.   Sub-
mitted Division 1 January 12, 1968, at Detroit.
(Docket No. 3,968.)   Decided November 29, 1968.
Rehearing denied June 10, 1969.   Application for
leave to appeal filed September 27, 1969.

Jimmie Ragland was convicted of felonious as-
sault.   Defendant appeals.   Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1]  6 Am Jur 2d, Assault and Battery §§ 53, 107.
[2]  21 Am Jur 2d, Criminal Law §§ 398, 399.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Barbara K. Hackett,* Assistant Prosecuting Attorney, for the people.

*George H. Cholack (Edward P. Echlin,* of counsel), for defendant on appeal.

BEER, J. The defendant-appellant, Jimmie Ragland, was tried and convicted by a jury and subsequently sentenced in the circuit court for the county of Wayne on a charge of felonious assault, CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277):

"Felonious assault—Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony."

This appeal raises two issues:
1. Is a flashlight a "dangerous weapon" within the purview of CL 1948, § 750.82 (Stat Ann 1962 Rev § 28.277)?
2. Was the trial court without jurisdiction by reason of the fact that the venue of the alleged offense was within the corporate limits of the city of Detroit?

We have examined the record and, in particular, the instructions of law by the trial court to the jury. The trial judge properly instructed the jury. It was for them to determine as a question of fact whether or not the flashlight was a dangerous weapon. The jury found against the defendant on this issue. The jury also had an opportunity to

hear the testimony of the people's witnesses as to the manner in which the flashlight was used against the person of another human being. There is no error here.

During the trial the defendant strenuously contended the alleged offense occurred within the corporate limits of the city of Detroit. There was testimony on the part of the people in contradiction of this contention that the alleged offense occurred in Highland Park. The trial judge correctly covered the matter in his instructions, specifically telling the jury this was a question of fact for them to resolve. Obviously, from their verdict, they found the crime to have been committed in Highland Park.

Conviction affirmed.

T. G. KAVANAGH, P. J., and LEVIN, J., concurred.