### PEOPLE *v.* JAMES BROWN

1. CRIMINAL LAW—DUE PROCESS—SPEEDY TRIAL—DEMAND.
   To preserve the right of speedy trial, a defendant must demand it.

2. SEARCHES AND SEIZURES—ARREST—SEARCH INCIDENT TO ARREST.
   An arresting officer may properly search a person when a lawful arrest is made.

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 October 20, 1970, at Lansing. (Docket No. 7,527.) Decided December 3, 1970.

James Brown was convicted of unarmed robbery. Defendant appeals. People's motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston III,* Chief Appellate Attorney, and *Thomas J. Eggleston,* Assistant Prosecuting Attorney, for the people.

*Thomas G. Vanden Bosch,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and DANHOF, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 245, 253, 254.
[2] 47 Am Jur, Searches and Seizures § 19.

PER CURIAM. James Brown was tried by a jury and convicted on the charge of robbery unarmed contrary to MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). On March 12, 1969 he was sentenced to a term of 4 to 15 years imprisonment by Judge Roman J. Snow of the Kent County Circuit Court. With the assistance of court-appointed appellate counsel a timely claim of appeal was filed and grounded on two allegations of error.

First, it is contended that defendant was denied his right to a speedy trial. Second, it is contended that the lower court erred in denying defendant's motion to suppress certain evidence seized from him at the time of his arrest. The people have filed a motion to affirm the conviction and sentence on the ground that the questions presented are so unsubstantial as to warrant no argument or formal submission.

The defendant first contends that he was denied his right to a speedy trial. The record does not reveal that defendant made a demand for a speedy trial at any time.

"To preserve the right of speedy trial, a defendant must demand it." *People* v. *Kennedy* (1970), 23 Mich App 6, 8.

Defendant's second contention is that the lower court erred in allowing into evidence the $20 bill seized from the defendant at the time of his arrest. A hearing was held on defendant's motion to suppress this evidence, at which time it was revealed that one of the arresting officers actually witnessed the defendant perpetrate an assault on the victim. He was arrested and searched, at which time a $20 bill was discovered, which was later identified as belonging to the victim.

It is well settled in Michigan that an arresting officer may properly search a person when a lawful arrest is made. *People* v. *Gonzales* (1959), 356 Mich 247. This issue is also without merit.

Motion to affirm is granted.