PEOPLE *v.* DANIEL JONES

1. ARREST—WITHOUT WARRANT—PROBABLE CAUSE.

   Probable cause exists for an arrest without a warrant where the facts available to the police officers at the moment of arrest would warrant a man of reasonable caution to suspect that a felony had been committed and that the person arrested was involved in its commission (MCLA 764.15).

2. ARREST—WITHOUT WARRANT—PROBABLE CAUSE.

   Probable cause existed for arresting the defendant without a warrant for attempted breaking and entering where the arresting police officers, responding to a report of glass breakage being heard, observed the defendant standing near the entrance to the store which subsequently was found to have its glass front door broken.

3. SEARCHES AND SEIZURES—INCIDENT TO ARREST.

   An arresting officer may properly search a person when a lawful arrest is made.

4. SEARCHES AND SEIZURES—INCIDENT TO ARREST—CONCEALED WEAPON—ADMISSIBILITY.

   A knife sharpening steel seized by an arresting officer in a search of defendant's person incident to a lawful arrest was properly admitted into evidence in defendant's trial for carrying a concealed weapon.

5. CRIMINAL LAW—INCULPATORY STATEMENTS—ADMISSIBILITY.

   Testimony of an investigating police officer who reported inculpatory statements of the defendant made during investiga-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Arrest § 44 *et seq.*
[3] 5 Am Jur 2d, Arrest § 73.
    47 Am Jur, Searches and Seizures § 19.
[4] 47 Am Jur, Searches and Seizures § 54.
[5] 29 Am Jur 2d, Evidence § 611 *et seq.*
[6] 53 Am Jur, Trial §§ 832, 833.
[7, 8] 56 Am Jur, Weapons and Firearms § 9 *et seq.*

tion was properly admitted where the record is devoid of any showing of unnecessary delay in presenting the defendant to a magistrate for the purpose of obtaining a confession or of any showing of prolonged interrogation.

6. CRIMINAL LAW — INCULPATORY STATEMENTS — INSTRUCTIONS TO JURY.

Refusal to instruct the jury to disregard the testimony of an investigating police officer who reported inculpatory statements made by the defendant during the investigation was not error where the defendant did not object to that testimony when presented.

7. CRIMINAL LAW—CONCEALED WEAPON—JURY QUESTION.

Whether an object carried is offensive and dangerous, and the subjective reasons for possible use and concealment, are fact questions for the jury (MCLA 750.227).

8. CRIMINAL LAW—CONCEALED WEAPON.

A jury could properly have determined that a knife sharpener carried by defendant, an 18-inch steel, was a concealed weapon.

Appeal from Bay, John X. Theiler, J. Submitted Division 3 November 8, 1971, at Lansing. (Docket No. 10402.) Decided November 22, 1971.

Daniel C. Jones was convicted of carrying a concealed weapon. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene C. Penzien,* Prosecuting Attorney, for the people.

*Robert D. Sarow,* for defendant on appeal.

Before: McGREGOR, P. J., and FITZGERALD and QUINN, JJ.

FITZGERALD, J. Defendant was convicted, following a jury trial, of carrying a concealed weapon.[1]

1 MCLA § 750.227 (Stat Ann 1962 Rev § 28.424).

Shortly after 10 p.m. on March 12, 1970, Miss Sandy Thayer called the Bay City police from her second story apartment to report that she heard a strange tapping and glass breaking, presumably in the State License Bureau below. Nearby police officers were given this information by radio and responded.

Trial testimony indicates the officers observed only one person, the defendant, in the entire area. He was near the entrance to the nearby Breen's sporting goods store and started to walk towards them with his hands in his pockets. One of the officers called defendant over and asked him if he had heard any glass breaking. The answer was no. At about this time, the other officer, after checking the license bureau door and others in the vicinity, discovered the door to Breen's had been broken. Defendant was placed under arrest for attempted breaking and entering, advised of his rights and frisked for weapons. An 18-inch-knife-sharpening steel was found concealed in defendant's clothing. When asked why he was carrying the steel, he answered it was for protection.

Following a preliminary examination, defendant was bound over for trial on a concealed weapons charge. The jury trial resulted in conviction. Defendant appeals.

On appeal, four issues are raised:

1. Was the police search, leading to the discovery of the steel on defendant's person, conducted pursuant to a lawful arrest?

2. Were defendant's statements made voluntarily in accordance with the Miranda[2] doctrine?

3. Were defendant's statements to the police the

---

[2] *Miranda* v *Arizona* (1966), 384 US 436 (86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974).

morning after the arrest inadmissible under the Hamilton[3] rule?

4. Did the steel constitute a dangerous weapon?

Defendant's arrest was made on more than mere suspicion. *People* v. *Griffin* (1971), 33 Mich App 474. The police, in this case, were informed that there was glass breakage beneath or near Sandy Thayer's apartment. Defendant was the only person on the street, was observed coming from Breen's store, and was asked if he heard glass breaking. After his negative response, the police discovered the plate glass door to Breen's had been smashed, leaving a large hole with broken glass both inside and outside of the store.

The facts available to the officers at the moment of arrest would warrant a man of reasonable caution to suspect that a felony had been committed and that defendant was involved in its commission. *People* v. *Harper* (1962), 365 Mich 494, 501; *People* v. *Panknin* (1966), 4 Mich App 19; *People* v. *Williams #2* (1970), 23 Mich App 711; *People* v. *Pantoja* (1970), 28 Mich App 681; *People* v. *Surles* (1970), 29 Mich App 132, 136.

The arrest was lawful and the arresting officer could properly search defendant's person. *People* v. *Gonzales* (1959), 356 Mich 247; *People* v. *James Brown* (1970), 28 Mich App 421. The seizure of the sharpening steel and its admission as trial evidence was not error. *People* v. *Herrera* (1969), 19 Mich App 216; *People* v. *Nelson* (1970), 29 Mich App 251.

Defendant claims inadmissible testimony on the part of Detective Schramm based on *People* v. *Hamilton* (1960), 359 Mich 410. The record is devoid of any showing of delay in presenting defendant to a magistrate for the purpose of obtaining a confession. There is no showing of prolonged interrogation or

---

[3] *People* v *Hamilton* (1960), 359 Mich 410.

unnecessary delay. In addition, no objection to Detective Schramm's testimony was offered at trial. We find no *Miranda* problem.

Defendant's statement that he was carrying the steel for protection and other statements were entered into the trial proper without objection. After the people rested, defendant submitted a motion petitioning the court to instruct the jury to disregard defendant's statements.

The court did not err in refusing to give the requested instruction. The rule controlling the decision on this question is clearly stated in *People* v. *Dawson* (1971), 32 Mich App 336, 338, where the Court held:

"The defendant contends that it was error for the trial court to refuse to strike testimony of two of the prosecution's witnesses. The defendant did not object at the time this testimony was offered. His counsel cross-examined these witnesses. In general an objection must be made at the time the grounds for the objection become known. Wigmore on Evidence (3d ed), § 18. Since the objection was not timely we do not believe that the trial court abused its discretion in refusing to strike the testimony. See *People* v. *Maloy* (1919), 204 Mich 524."

Whether the object carried is offensive and dangerous, and the subjective reasons for possible use and concealment, are questions for the jury. *People* v. *Ragland* (1968), 14 Mich App 425, 426; *People* v. *Knapp* (1971), 34 Mich App 325.

The jury, from the evidence, was justified in determining that the sharpening steel carried by defendant was a concealed weapon.

Affirmed.

All concurred.