PEOPLE v MACK

OPINION OF THE COURT

1. WITNESSES—CRIMINAL LAW—UNKNOWN WITNESSES—NEED TO PRODUCE.

 The people need not produce an unknown witness in a criminal trial.

2. WITNESSES—CRIMINAL LAW—UNKNOWN WITNESSES—PROSECUTORS —NEED TO PRODUCE—FAILURE TO PRODUCE—GOOD FAITH.

 A prosecutor's failure to indorse and produce an unknown customer of a restaurant who may have witnessed an attempted unarmed robbery was not error where the customer did not witness the commission of the offense of carrying a concealed weapon, of which the defendant was convicted, and where there is no showing of a lack of good faith on the part of the prosecutor.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—ELEMENTS OF OFFENSE— REQUEST FOR INSTRUCTIONS—PRESERVING QUESTION.

 A trial judge should instruct the jury in a criminal case as to general features of the case, define the offense and indicate that which is essential to prove to establish the offense, even in the absence of request; therefore, a defendant is entitled to a new trial where the trial court omitted a material element of the offense when charging the jury, even though no objection to the charge was made at trial.

4. WEAPONS—CRIMINAL LAW—STRAIGHT RAZORS—CONCEALED WEAPONS—USE AS WEAPON—QUESTION OF FACT.

 A straight razor is not a dangerous weapon per se, therefore in a prosecution of a defendant for carrying a concealed weapon, which was a straight razor found in the defendant's pocket, it must be shown that the instrument was carried for use as a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Witnesses § 111.
 41 Am Jur 2d, Indictments and Informations §§ 55, 56, 60.
[3, 5] 5 Am Jur 2d, Appeal and Error § 545.
[4] 79 Am Jur 2d, Weapons and Firearms § 2.

weapon; this is a question of fact for jury determination, and failure of a trial court to instruct the jury on this issue was reversible error.

DISSENT BY M. J. KELLY, J.

5. APPEAL AND ERROR—CRIMINAL LAW—PRESERVING QUESTION—INSTRUCTIONS TO JURY—MANIFEST ERROR.

The inherent power of the appellate court to review even if error has not been preserved is to be exercised sparingly under unusual circumstances, and only to cure manifest and serious errors; the failure of a trial judge to charge a jury that a straight razor must be carried by a defendant as a weapon in order to convict for carrying a concealed weapon, was not so significant an error as to warrant reversal of the defendant's conviction absent an objection at the trial where the record indicates the defendant had a fair trial with no fundamental injustice.

Appeal from Wayne, John R. Kirwin, J. Submitted June 18, 1975, at Detroit. (Docket No. 22352.) Decided September 24, 1975.

George E. Mack was convicted of carrying a concealed weapon. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training, and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Neil A. McQuarrie,* for defendant on appeal.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

T. M. BURNS, P. J. This cause arises out of the

May 24, 1974, attempted unarmed robbery of Mrs. Caryn Mason, a cashier at the Host International Coffee Shop located at Metropolitan Airport in Wayne County, Michigan. According to Mrs. Mason, at approximately 9 p.m. that evening, defendant approached her while she was operating the cash register and handed her a note demanding money while simultaneously making a verbal request for the same.

At the time that this alleged robbery was taking place, an unidentified restaurant customer came to pay his bill at the cash register. Since this person had neglected to bring his bill with him, Mrs. Mason, under the pretext of getting the bill, left the defendant alone at the cash register and notified her superiors of the alleged robbery attempt. Shortly thereafter, sheriff's deputies at the airport arrested defendant, took him to their office at the airport, and upon searching his person, found a straight razor in his pants pocket. Defendant was then charged with attempted unarmed robbery, carrying a concealed weapon, and carrying a weapon with unlawful intent.

Testimony was presented at trial which indicated that on the night in question, defendant had his hair cut at the airport barber shop. Upon being dissatisfied with the haircut, defendant, using a straight razor and other instruments present in the barber shop, completed the haircut to his satisfaction. It was also established that the straight razor found in defendant's pants pocket belonged to one of the barbers at the airport barber shop.

On August 9, 1974, the jury returned its verdict, acquitting the defendant of attempted unarmed robbery but finding him guilty of carrying a concealed weapon. MCLA 750.227; MSA 28.424. On

September 17, 1974, defendant was sentenced to a term of 1 to 5 years imprisonment.

Defendant claims that the prosecutor's failure to indorse and produce the unknown customer as a res gestae witness mandates reversal. We disagree. An unknown witness need not be produced by the people. *People v Harrell,* 54 Mich App 554; 221 NW2d 411 (1974), *People v Loggins,* 17 Mich App 388; 169 NW2d 519 (1969), *People v Todaro,* 253 Mich 367; 235 NW 185 (1931). In the case at bar, the unidentified customer did not even witness the commission of the offense of which defendant was convicted, carrying a concealed weapon. Under these circumstances, we find no error since the absence of this witness's testimony could not have affected the guilty verdict on the concealed weapons charge. In addition, nothing in the record indicates any lack of good faith on the part of the prosecutor.

Defendant also contends that the trial court erred reversibly when instructing the jury on the elements of the offense of carrying a concealed weapon. Defendant argues that he was denied a fair trial because in instructing the jury the trial court did not explain that in order to be a dangerous weapon, the straight razor had to be used or carried for the purpose of use as a weapon of assault or defense.

After instructing the jury on the charge of unarmed robbery, the trial court continued:

"Now by virtue of the second Information filed in this matter, the defendant is charged with carrying a concealed weapon. I will now give to you the elements of that offense which must be proved beyond a reasonable doubt before the defendant may be convicted of the offense. The elements are as follows: One, that the defendant had in his possession and intended to have in

his possession in a place other than his dwelling house, place of business or other land possessed by him, a dagger, dirk, stiletto or other dangerous weapon. Two, that the defendant knowingly carried the weapon concealed upon or about his person. And, three, that this all happened at the time and place set forth in the second Information I read to you.

"Again, as I have indicated before, it is impossible to place ourselves in the mind of another human being to determine what that human being intended or what he knew. You, again, however, may draw any inference as to what the defendant intended or what he knew from any fact in evidence which to your mind fairly proves the existence of such intent or such knowledge. You may look to what the defendant said, what he did, and all of the surrounding circumstances of the alleged offense in determining the defendant's intent and knowledge or lack of intent and knowledge. The intent which *[sic]* the weapon is carried is not an element of the crime of carrying a concealed weapon. The only intent necessary is the intent to carry the weapon concealed on or about his person. For the purpose of this case, a dangerous weapon is defined as a weapon likely to produce death or great bodily injury."

The prosecution claims that since defense counsel did not object to the instruction in question at trial, this issue has not been preserved for appeal. We disagree. In *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967), our Supreme Court stated:

"It is settled law of this State that the trial judge should instruct the jury in criminal cases as to general features of the case, define the offense and indicate that which is essential to prove to establish the offense, even in the absence of request. A case may be reversed because the charge omits a legally essential ingredient. *People v Prinz,* 148 Mich 307 [111 NW 739 (1907)], *People v Kanar,* 314 Mich 242, 254 [22 NW2d 359 (1946)], *People v Hearn,* 354 Mich 468 [93 NW2d 302 (1958)]. Similarly, without a request, a case may be

reversed because of an erroneous or misleading charge as opposed to one which merely omits a pertinent though not legally necessary point. *People v Mac-Pherson,* 323 Mich 438, 448 *et seq.* [35 NW2d 376 (1949)], *People v Guillett,* 342 Mich 1, 7 [69 NW2d 140 (1955)], *People v Oberstaedt,* 372 Mich 521, 526 [127 NW2d 354 (1964)]. Defendant has a right to have a properly instructed jury pass upon the evidence. *People v Visel,* 275 Mich 77, 81 [265 NW 781 (1936)]."

See *People v Roy Edwards,* 58 Mich App 146, 150; 227 NW2d 263 (1975), *People v Lenkevich,* 394 Mich 117, 123; 229 NW2d 298 (1975), and *People v Townes,* 391 Mich 578, 587; 218 NW2d 136 (1974), quoting the above with approval. Furthermore, the Supreme Court has recently held that reversible error occurred where the defendant's theory of the case was not presented to the jury and the instructions given on intent were such as to prevent consideration of defendant's theory of the case. *People v Pepper,* 389 Mich 317; 206 NW2d 439 (1973).

Applying these principles to the case at bar, we hold that the trial court's instructions were prejudicially erroneous and that defendant is entitled to a new trial.

In *People v Vaines,* 310 Mich 500, 505–506; 17 NW2d 729 (1945), another concealed weapons case, the Supreme Court said:

"Daggers, dirks, stilettos, metallic knuckles, slingshots, pistols, and similar articles, *designed for the purpose of bodily assault or defense,* are generally recognized as dangerous weapons *per se. Other articles and instruments become dangerous weapons only when they are used or carried for use as weapons. Therefore, in a prosecution under section 227 it becomes a question of fact for court or jury determination as to whether or not such articles or instruments are used or carried for the purpose of use as weapons of assault or*

*defense. People v Gogak,* 205 Mich 260; 171 NW 428 (1919)." (Emphasis added.)

Relying on the *Vaines* rationale, this Court in *People v Morris,* 8 Mich App 688, 690–691; 155 NW2d 270 (1967), a concealed weapons case involving a straight razor, said:

"The question is, in a case of this nature, is the straight razor a dangerous weapon? The burden is on the prosecution to prove that the instrument was carried as a weapon, *i.e.,* for either offensive or defensive purposes. The Supreme Court has defined ' "other dangerous weapon" as used in section 227, to mean any concealed article or instrument which the carrier used, or carried for the purpose of using, as a weapon for bodily assault or defense.' *People v Vaines,* 310 Mich 500, 506; 17 NW2d 729 (1945).
"The following language from the same case is also relevant. It should be read substituting *'straight razor'* for *'jackknife'.*
" 'The legislature certainly did not intend to include as a dangerous weapon the ordinary type of jackknife commonly carried by many people, unless there was evidence establishing that it was used, or was carried for the purpose of use, as a weapon.
" 'The knife carried by defendant was not a dangerous weapon *per se.' "* (Emphasis added.)

And finally, in *People v Jones,* 37 Mich App 91, 95; 194 NW2d 433 (1971), this Court said:

"Whether the object carried is offensive and dangerous, and the subjective reasons for possible use and concealment, are questions for the jury. *People v Ragland,* 14 Mich App 425, 426; 165 NW2d 639 (1968), *People v Knapp,* 34 Mich App 325; 191 NW2d 155 (1971)."

A review of the trial transcript reveals that the

trial court never explained to the jury that in order to be a dangerous weapon under the statute, the straight razor had to be carried for the purpose of use as a weapon of assault or defense. Instead, throughout its charge on the elements of the concealed weapons offense, the trial court referred to the straight razor as a weapon, rather than leaving this issue for jury determination. In doing so, the trial court erred reversibly by invading the province of the jury.

There can be no doubt that the issue of whether defendant carried the straight razor as a weapon was critical to his conviction or acquittal on the concealed weapons charge. While there was some evidence presented to support the prosecution's claim that the straight razor was carried as a weapon, there was also a good deal of evidence to the contrary, including defendant's own testimony that he used the straight razor to finish the cutting of his hair at the barber shop. Combined with the fact that defendant neither produced the straight razor during the alleged attempted robbery nor related any threat to use it, a properly instructed jury could quite reasonably have concluded that: (1) defendant was a thief who wanted a straight razor; or (2) he had inadvertently put the straight razor in his pocket after finishing his hair cut. In either event, defendant could not have been convicted of carrying a concealed weapon.

Defendant was prejudicially harmed as a result of the failure of the trial court to charge on such a material element of the defendant's sole defense. Since the trial court failed to instruct the jury on defendant's theory of inadvertently putting the straight razor in his pocket, *People v Pepper, supra,* and since the evidence presented at trial was conflicting as to whether or not the defendant

carried the straight razor as a weapon, we conclude that the trial court erred in not providing the jury with a reasonable understanding of the nature of the offense over which it specifically charged the jury to deliberate.

Defendant's other claimed errors do not merit discussion. Reversed and remanded for a new trial on the charge of carrying a concealed weapon.

QUINN, J., concurred.

M. J. KELLY, J. *(dissenting)*. I agree with the majority that the straight razor with its five-inch handle and three-inch blade was not a dangerous weapon per se, and the question of whether it was carried as a weapon was properly one for the jury. I disagree however, that the deficiency, which could have been corrected by one simple sentence in the court's charge, was so significant as to warrant reversal absent objection of counsel. If there is any such thing as a perfect trial I have yet to see one. This defendant had a fair trial.

From a full reading of this record it is incredible that the jury failed to find the defendant guilty of attempted unarmed robbery. The case was extremely well-tried and ably argued by defense counsel and could not be considered to be anything short of a complete victory. His failure to object to the charge as given by the court may have been a trial tactic prompted by the impact of the razor which was introduced as an exhibit at trial.

Even if it was not a trial tactic, the failure to object certainly does not, in my view, rise to such proportions as to reasonably amount to manifest and serious error. There certainly was no fundamental injustice here where the defense very clearly carried the day. As I understand the inherent power rule, it is to be exercised sparingly

under unusual circumstances, and only to cure manifest and serious errors. *People v Farmer,* 380 Mich 198, 208; 156 NW2d 504 (1968), *People v Dorrikas,* 354 Mich 303; 92 NW2d 305 (1958), *People v Wynn,* 386 Mich 627; 194 NW2d 354 (1972). No objection having been made, the error alleged has not properly been saved for review, and there are no unusual circumstances in this record which should cause us to exercise our inherent power to avoid a miscarriage of justice. If anything, the scales have already been tipped far over to defendant's side. The conviction should be affirmed.