*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 20, 2021

Plaintiff-Appellee,

v

No. 350646
Wayne Circuit Court
LC No. 19-001087-01-FC

KYRA RENEE MYLUM,

Defendant-Appellant.

Before: MURRAY, C.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right her bench trial convictions for assault with intent to do great bodily harm, MCL 750.84, and assault and battery, MCL 750.81. Defendant was sentenced to three years' probation, with the first year in jail, for both convictions. We affirm.

## I. BACKGROUND

This case arises out of a family altercation on January 21, 2019, at 13556 Marion Street in Redford, Michigan involving defendant, defendant's mother Dorice Peterson, and defendant's daughter Kayla Jones. Jones, Peterson, and defendant each testified differently regarding the events of January 21st, but all three agreed that at some point, the defendant struck Peterson with a hammer. Peterson, who admitted intoxication, testified that defendant struck her without provocation and defendant asserted that she acted in self defense. Jones also testified that defendant assaulted her after Jones interceded to protect Peterson. Peterson offered no testimony regarding any physical confrontation between defendant and Jones. Defendant also asserted self-defense regarding her interaction with Jones. The trial court did not find the self-defense argument credible and found defendant guilty of assault with intent to do great bodily harm as it related to Peterson, and assault and battery of Jones.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the evidence the prosecution presented at trial was insufficient to sustain her convictions for assault with intent to do great bodily harm and assault and battery. Specifically, defendant asserts that the prosecutor failed to disprove defendant's claim of self-

defense, which rendered the convictions for assault with intent to do great bodily harm and assault and battery a violation of defendant's due process right to a conviction based on legally sufficient evidence. We disagree.

## A. STANDARD OF REVIEW

"Claims of insufficient evidence are reviewed de novo." *People v Kloosterman*, 296 Mich App 636, 639; 823 NW2d 134 (2012). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take evidence in the light most favorable to the prosecutor." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010). "[T]he question on appeal is whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). "Due process requires that the prosecutor introduce sufficient evidence which could justify a trier of fact in reasonably concluding that defendant is guilty beyond a reasonable doubt before a defendant can be convicted of a criminal offense." *People v Hampton*, 407 Mich 354, 368; 285 NW2d 284 (1979). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999).

## B. ANALYSIS

Defendant first argues that there was insufficient evidence to convict her of assault with intent to do great bodily harm less than murder involving Peterson because defendant acted in self-defense. To prove assault with intent to do great bodily harm less than murder, the prosecution must establish "an attempt or threat with force or violence to do corporal harm to another" and "an intent to do great bodily harm less than murder." *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). "Because intent may be difficult to prove, only minimal circumstantial evidence is necessary to show a defendant entertained the requisite intent." *People v Harverson*, 291 Mich App 171, 178; 804 NW2d 757 (2010). "Intent to cause serious harm can be inferred from the defendant's actions, including the use of a dangerous weapon or the making of threats." *People v Stevens*, 306 Mich App 620, 629; 858 NW2d 98 (2014). Moreover, assault is "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery," and battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005) (quotation marks and citation omitted).

An individual not engaged in criminal activity may use deadly force against another individual anywhere she has a legal right to be with no duty to retreat if he or she "honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual." MCL 780.972(1)(a). Moreover, if an individual is not committing or has not committed a crime "at the time he or she uses force other than deadly force," he or she "may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if he or she honestly and reasonably believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual." MCL 780.972(2).

Self-defense is an affirmative defense. Once the defendant asserts self-defense, he or she must satisfy the initial burden of producing some evidence to establish the necessary elements of a prima facie case of self-defense. *Id.* at 709-710. Once a defendant introduces evidence of self-defense, the burden shifts to the prosecution to exclude beyond a reasonable doubt the possibility that the defendant acted in self-defense. *Id.*

Defendant asserts that the prosecutor failed to disprove defendant's claim of self-defense. In support of her self-defense claim, defendant testified that before she struck Peterson with the hammer, Peterson was speaking to defendant in an aggressive tone and defendant thought Peterson had the empty bottle of wine in her hand. Defendant believed that Peterson was going to hit her with either her hands or the bottle of wine. In response, defendant struck Peterson with the hammer in self-defense.

The trial court resolved the credibility questions against the defendant. We cannot say this was error. There was sufficient evidence presented for the trial court to find beyond a reasonable doubt that defendant attempted with force or violence to do harm to Peterson. Defendant admitted and, both Jones and Peterson testified that defendant struck Peterson in the head with a hammer. While a hammer is not a dangerous weapon per se, our Supreme Court has recognized that "articles which are manufactured and generally used for peaceful and proper purposes, would fall within the category of dangerous weapons if used for or carried for the purpose of assault or defense." *People v Vaines*, 310 Mich 500, 505; 17 NW2d 729 (1945); See *People v Goolsby*, 284 Mich 375, 378; 279 NW 867 (1938) ("The character of a dangerous weapon attaches by adoption when the instrumentality is applied to use against another in furtherance of an assault."). In this case, defendant used the hammer as a dangerous weapon when she struck Peterson in the head with it.

There was also sufficient evidence that defendant did not act in self-defense when she struck Peterson. Contrary to defendant's testimony, Jones and Peterson testified that Peterson just approached defendant's door to continue a discussion and defendant then hit her with the hammer. Jones said she witnessed defendant strike Peterson once, and Peterson said defendant struck her a second time on the back, center of her head. The trial court found that defendant's version of events lacked credibility and this "Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Viewing the evidence in the light most favorable to the prosecution, sufficient evidence was presented at trial to prove defendant's conviction for assault with intent to do great bodily harm and disprove defendant's theory of self-defense.

Defendant similarly argues that there was insufficient evidence to convict her of assault and battery involving Jones because defendant was acting in self-defense. Defendant asserts that the altercation between her and Jones was a mutual combat. Defendant claims that Jones, and not defendant, initiated physical contact by intervening in the one-on-one altercation between defendant and Peterson. Defendant argues she acted in self-defense to prevent imminent great bodily harm from being inflicted upon her from the mutual affray in which she engaged with Jones. Defendant's argument is without merit.

Again, the only evidence showing that the altercation between defendant and Jones was a mutual combat came from defendant's testimony. Again, the trial court resolved the credibility issues against the defendant based upon evidence in the record. As the trial court explained, Jones's testimony "involved the description of many blows that [defendant] landed on her. And the photographic evidence shows a number of scrapes and bruises and slightly open wounds, one on [Jones's] knee. All of these occurred, according to [Jones], during the scuffle [Jones] and [defendant] had during the course of this assault." Moreover, after the scuffle concluded, Jones specifically indicated that defendant slapped her in the face. Thus, once the scuffle ended and Jones went to her room, defendant was no longer acting in self-defense; rather, defendant was the aggressor when she followed Jones to her room and then slapped Jones in the face. While defendant denied slapping Jones, the trial court found Jones's testimony to be more credible. There is no reason on this record to disturb the trial court's finding on appeal. Consequently, the evidence presented at trial was sufficient to sustain defendant's conviction for assault and battery, and disprove defendant's contention that she acted in self-defense.

Affirmed.


/s/ Christopher M. Murray
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens

-4-