### AMERICAN METER CO. v. McCAUGHN, Collector of Internal Revenue.

No. 12262.

District Court, E. D. Pennsylvania.
July 15, 1932.

754

Ralph B. Evans, of Evans, Bayard & Frick, of Philadelphia, Pa., and Walter C. Blakely, of Weill, Blakely & Nesbit, of Philadelphia, Pa., for plaintiff.

Edward W. Wells, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit at law brought to recover certain manufacturers' excise taxes paid under protest by the plaintiff. By written stipulation the case was tried to the court without a jury.

The tax was levied and collected upon sales of prepayment gas meters. The question involved is whether prepayment gas meters are "automatic slot-device vending machines" within the meaning of the Revenue Acts of 1918 and 1921 (40 Stat. 1122, § 900 (16) and 42 Stat. 292, § 900(11).

The acts of Congress involved, being taxing statutes, may not be extended by implication beyond the clear import of the language used, and, in case of doubt, are to be construed most strongly against the government and in favor of the taxpayer. After very careful consideration, I find it impossible to construe them to cover the subject taxed, without resolving substantial doubts against the taxpayer, and I have, therefore, reached the conclusion that the tax was illegally collected.

While the word "vending" may sometimes be correctly used as synonymous with "selling," in ordinary usage it has a more limited meaning. "Vending" carries with it the idea of offering and selling articles of merchandise in relatively small quantities, accompanied by a display of the stock. A peddler or huckster vends his wares, but to say that a gas company "vends" gas or that a railway company "vends" transportation is, to say the least, most inept.

However, passing this consideration and construing "vending machine" as equivalent to "selling machine," in order to be a vending machine the machine itself must sell.

Now when we talk about a machine selling anything we really mean a machine which delivers the subject of the sale. The machine cannot make the contract involved in the sale, but it can, by automatic action, physically deliver the thing sold. The point is important for, when these statutes were enacted, there was, in existence, a large class of machines which automatically, and of themselves, accomplished the whole transaction so far as it could be mechanically accomplished—that is received the money and delivered the goods. Examples of these were machines which sold, or in the true sense "vended," chewing gum, matches, drinking cups, etc. On the other hand while gas, water, and electricity could be and were sold automatically, it required much more than the prepayment meter to do it. The meter itself contained only a negligible amount of gas, and the operation of selling (which as has been seen in case of a machine really means delivery) could be accomplished through the medium of pipes, mains, and pressure, in fact the distributing facilities of the plant.

Of course an ordinary gas meter without the coin attachment is as its name implies a mere measuring device. It has no more to do with the delivery of the gas than the scales upon which merchandise is weighed or over which it passes in carload lots. The coin device operates to interrupt or suspend delivery until an advance deposit which it collects has been made. When attached, it and the meter together make up a mechanism the primary purpose of which is not to deliver the gas but to insure a particular method and medium of payment for it. So that, I should say that a prepayment gas meter could not properly be called a selling machine, much less a vending machine.

The question is not free from difficulty. However, as stated at the outset, I think that whatever doubt there is should be resolved in favor of the taxpayer, and therefore hold that the subject-matter of these taxes is not within the scope of the taxing statutes.

### Conclusions of Law.

1. The combined fixture, or meter with the coin box device attached, was not an "automatic slot-device vending machine" within the provisions of section 900(16) of the Revenue Act of 1918, or of section 900(11) of the Revenue Act of 1921.

2. The taxes here sued for aggregating $38,856.58, collected by the defendant from the plaintiff with respect to the sales price of the combined fixture, or meter with the

coin box device attached, were illegally assessed and collected and are justly refundable to the plaintiff with interest, on $2,571.24 from October 27, 1924, on $34,808.79 from January 31, 1925, and on $1,476.55 from May 11, 1925.

Judgment may be entered for the plaintiff, in accordance with the second conclusion of law.