### REMINGTON–RAND, Inc., v. GAGE, Collector of Internal Revenue.
### No. 3925.

District Court, W. D. New York.
July 12, 1933.

Franchot & Warren, of Buffalo, N. Y. (W. C. Warren, Jr., and Gibson Gardner, both of Buffalo, N. Y., of counsel), for plaintiff.

Richard H. Templeton, U. S. Atty., of Buffalo, N Y. (Harold B. Ehrlich, Asst. U. S. Atty., of Buffalo, N. Y., and C. M. Charest, Gen. Counsel, and Ralph E. Updike, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for defendant.

ADLER, District Judge.

This is an action brought by Remington-Rand, Inc., for the recovery of manufactur-er's excise tax paid by the Rand Company, Inc., for the period July 3, 1924, to September 30, 1925, in the amount of $6,237.88, and the sum of $2,312.38 paid by the Rand Cardex Company, Inc., for the period September 30, 1925, to February, 1926, making a total amount assessed of $8,550.26, together with interest thereon.

The principal question involved in this case is whether or not the automatic player piano sold by the Rand Company is subject to taxation as a coin-operated device under the provisions of section 600 of the Revenue Act of 1924 (26 USCA § 881 note). A further question involved is whether the Remington-Rand, Inc., succeeded to the claims of its predecessor companies.

Recent acts of Congress providing for excise taxes applicable to this case were passed in 1918, 1921, and 1924. The Revenue Act of 1918, § 900 (40 Stat. 1122), provides for a tax on (4) pianos, organs (other than pipe organs), piano players, graphophones, phonographs, talking machines, music boxes, and records used in connection with any musical instruments, piano players, graphophones, phonographs, or talking machines. Paragraph 16 provides for a tax upon automatic slot device vending machines, etc. This act of 1918 was superseded by the Revenue Act of 1921 (section 900 [42 Stat. 291]), which omitted paragraph (4) of the 1918 act on pianos, etc., and retained the tax on automatic slot device vending machines using the same language in paragraph 11 of the 1921 act as was used in paragraph 16 of the 1918 act. The Revenue Act of 1921 was in turn superseded by the Revenue Act of 1924, which is in substantially the same language as the act of 1921, with the single exception that, instead of using the words "automatic slot-device vending machines," the Revenue Act of 1924 has changed the language to "coin-operated devices, coin-operated machines, and devices and machines operated by any substitute for a coin." It is under the Revenue Act of 1924 that the tax was levied in this case. The history of the legislation is pertinent in determining whether the player piano manufactured and sold by the plaintiff is taxable under the 1924 act.

It is clear that it was the intention of Congress in passing the Revenue Act of 1921 to remove from taxation under that act musical instruments which were taxed under paragraph 4 of the 1918 act. Paragraph 4 of the 1918 act made no reference to slot devices in connection with musical instruments. Paragraph 16 of the 1918 act taxing "automatic

slot-device vending machines" was retained with the same language in the 1921 act.

The case of Seeburg Piano Company v. United States, reported in 62 Ct. Cl. page 281, was decided under the Revenue Act of 1921. It was there held that an electrical piano operated upon the deposit of a coin in a slot provided for that purpose is not a slot device vending machine within the meaning of paragraph 11 of that act. The opinion in that case, while it states that the repeal of paragraph 4 of the act of 1918 is significant, finds it necessary to discuss the question of whether the coin device on the piano brings it within the paragraph levying a tax upon automatic slot device vending machines, and concludes with: "We do not treat the hearing of music as a sale of the same." By this language the court in that case took the position that operating a piano by depositing a coin did not make it a vending machine. It is true that the opinion goes further and states the view that the repeal of paragraph 4 of the 1918 act discloses an intention to relieve all music from taxation however produced. I am not inclined to agree with this conclusion, especially in view of the change in the law made by the act of 1924.

In 1924 the language "automatic slot-device vending machines" was changed to "coin-operated devices, coin-operated machines, and devices and machines operated by any substitute for a coin." This language makes it unnecessary to discuss whether or not the piano in question is a vending machine. It seems to me clear that, if plaintiff's piano is a coin-operated device or a coin-operated machine, it comes within the language of the things it was intended to tax. Whatever it was, it was a device or a machine operated by a coin or by a substitute for a coin. There was evidence at the trial that the piano could be played from the keyboard without the use of the coin-operating device. The statute, however, is not made to apply to exclusively coin-operated devices, and the fact that the device or machine could be made to operate in some other way than by the insertion of a coin would not take it out of the statute. Nor do I think that the fact that a comparatively small part of the cost of the instrument is chargeable to the coin-operating mechanism has weight in determining whether or not the instrument is coin-operated.

The case of American Meter Co. v. McCaughn (D. C.) 1 F. Supp. 753, although recently decided, arose under the Revenue Act of 1921, and is not in point.

My conclusion is that the plaintiff's piano is a coin-operated device within the meaning of the taxing statute.

The defendant contends that the plaintiff cannot maintain this action, for the reason that it was not the party in interest in this transaction and paid none of the taxes in question, and that this case is brought within the provisions of section 3477 of the Revised Statutes (31 USCA § 203). While I am inclined to the opinion that section 3477 does not apply in this case, yet I find it unnecessary to pass upon that question in view of my conclusion that the tax paid has been properly levied.

Judgment may be entered accordingly.