### PEOPLE v SMITH

Docket No. 55333. Argued November 7, 1974 (Calendar No. 14).— Decided January 21, 1975.

Two police officers observed a van, in which Robert E. Smith was a passenger, make several erratic U-turns. The van was stopped and an officer while approaching the vehicle observed through the right window what he believed to be the stock of a rifle. He opened the door and grabbed an M-1 rifle from underneath the second seat. Smith and three others were charged with carrying a concealed weapon in a motor vehicle and were bound over to Recorder's Court of Detroit for trial. Defendant filed a motion to quash the information, contending that an M-1 rifle was not a dangerous weapon within the meaning of MCLA 750.227; MSA 28.424. Motion denied by Joseph E. Maher, J. Defendants appealed by leave granted. The Court of Appeals, V. J. Brennan, P. J., and O'Hara, J., affirmed, Levin, J., dissenting (Docket No. 13636). Defendant brought an interlocutory appeal. *Held:*

1) The words "or other dangerous weapon" following the particular designation of "dagger, dirk, stiletto" in the statute must be construed under the rule of *ejusdem generis* to be limited to stabbing weapons, and do not include firearms of any sort;

2) The word "pistol" in the statute does not apply to an M-1 rifle more than 30 inches in length unless its construction or appearance conceals it as a firearm.

3) This does not legalize the carrying about of M-1 rifles or other dangerous weapons with unlawful intent. There are other statutes dealing with long-barreled weapons. Defendant was charged under the wrong statute.

49 Mich App 630; 212 NW2d 768 (1973) reversed.

1. STATUTES—CONSTRUCTION—EJUSDEM GENERIS.

The rule of statutory construction known as *"ejusdem generis"* is

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 254.

[2–5] 56 Am Jur, Weapons and Firearms § 10.

the rule whereby in a statute in which general words follow a designation of particular subjects, the meaning of the general words will ordinarily be presumed to be and construed as restricted by the particular designation and as including only things of the same kind, class, character or nature as those specifically enumerated.

2. WEAPONS—"OTHER DANGEROUS WEAPON"—STATUTES—CONSTRUCTION—EJUSDEM GENERIS.

The words "other dangerous weapon" in the concealed weapons statute which punishes the carrying, whether concealed or otherwise, in a vehicle of a "dagger, dirk, stiletto, or other dangerous weapon" are limited by the rule of *ejusdem generis* to stabbing weapons, and do not include firearms of any sort (MCLA 750.227).

3. WEAPONS—STATUTES—CONCEALED WEAPONS—RIFLES—PISTOLS.

The concealed weapons statute does not apply to a firearm over 30 inches in length unless its construction or appearance conceals it as a firearm in which event it is defined by another statute to be a pistol (MCLA 28.421, 750.227).

4. WEAPONS—STATUTES—FIREARMS—RIFLES.

An M-1 rifle is without question a "firearm" within the scope of the statute that prohibits going armed with a firearm with intent to use it unlawfully against another, and covering it there rather than in the statute prohibiting carrying a dangerous weapon concealed or in a vehicle reflects an orderly regulatory scheme, because a prohibition on carrying a long-barreled firearm does not reasonably belong in a "concealed" weapons class of crimes (MCLA 750.226, 750.227).

5. WEAPONS—CARRYING CONCEALED—RIFLES—STATUTES.

An M-1 rifle 43 inches long is not a pistol or "dangerous weapon" within the meaning of the statute prohibiting the carrying of a pistol or dangerous weapon concealed or in a vehicle, and a defendant was improperly charged under that statute for carrying an M-1 rifle underneath the seat of a vehicle (MCLA 750.227).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Jane Burgess* and *Laurence C. Burgess,* for defendant on appeal.

T. G. KAVANAGH, C. J. This is an interlocutory appeal from the Court of Appeals' decision which affirmed the trial court's denial of defendant's motion to quash the information.

We reverse the Court of Appeals and the trial court and direct that the information be quashed.

Defendant and three others were charged with carrying a concealed weapon in a motor vehicle, MCLA 750.227; MSA 28.424, and after preliminary examination defendants were bound over for trial.

Detroit Police Officer Ward testified at the preliminary examination that he and his partner observed a Ford Econoline van, in which defendant Smith was a passenger, make several erratic U-turns. The van was stopped and Officer Ward while approaching the vehicle observed through the right window what he believed to be the stock of a rifle. He opened the door and grabbed an M-1 rifle from underneath the second seat. Defendant Smith was sitting on the third seat with his feet up. A cartridge belt and clips containing ammunition were found in the front seat between co-defendants Gaut and Turner.

Defendants filed motions to quash, defendant Smith contending that an M-1 rifle was not a dangerous weapon within the meaning of the statute and that there was no evidence showing that defendant Smith was carrying the weapon involved, so that the examining magistrate abused his discretion in binding the case over for trial.

The defendant urges two questions:

### Question I

"Is a rifle over 30 inches in length a dangerous weapon within the meaning of MCLA 750.227 if said

section is interpreted consistently with the constitution of the State of Michigan and with the intent of the Michigan Legislature?"

### Question II

"Was the evidence presented at the preliminary examination sufficient to sustain a finding that Robert Smith had acknowledged that a rifle was in the vehicle or that he in any sense intended to carry said rifle, and therefore, support the finding of probable cause to believe that he committed the offense charged?"

Neither the trial court nor the Court of Appeals gave serious consideration to the objection that an M-1 rifle is not covered by the proscription of MCLA 750.227; MSA 28.424.

We perceive this to be the controlling question.

The statute provides:

"Sec. 227. Carrying Concealed Weapons—Any person who shall carry a dagger, dirk, stiletto, or *other dangerous weapon except hunting knives adapted and carried as such,* concealed on or about his person, or whether concealed or otherwise in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him; and any person who shall carry a pistol concealed on or about his person, or, whether concealed or otherwise, in any vehicle operated or occupied by him, except in his dwelling house or place of business or on other land possessed by him, without a license to so carry said pistol as provided by law, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years, or by fine of not more than 2,500 dollars." (Emphasis added.)

The trial court concluded that because an M-1 is a military rifle it comes within the classification of a dangerous weapon. The Court of Appeals majority, observing that the 43-inch rifle is heavy and could also be used as a club, eschewed analysis of the statute because they had "no doubt that the

Legislature, when they said 'dangerous weapon', in fact meant dangerous weapon * * * ".

This misses the real question.

No one suggests that an M-1 rifle is not a dangerous weapon. The question is whether this statute proscribes the carrying of *all* dangerous weapons or only those of the types specified.

In construing statutes in an effort to ascertain and give effect to the legislative interest, courts are guided by a rule of construction known as *"ejusdem generis"*.

This is a rule whereby in a statute in which general words follow a designation of particular subjects, the meaning of the general words will ordinarily be presumed to be and construed as restricted by the particular designation and as including only things of the same kind, class, character or nature as those specifically enumerated. See 73 Am Jur 2d, Statutes, § 214, pp 407–408.

Thus here the phrase "or other dangerous weapon except hunting knives adapted and carried as such" following those specified types of stabbing weapons, under the rule would be limited to stabbing weapons. As to that part of the statute we see no intent to include firearms of any sort in the phrase "other dangerous weapon".

Nor can we read the word "pistol" in MCLA 750.227; MSA 28.424 as applying to an M-1 rifle. "Pistol" is defined in MCLA 28.421; MSA 28.91 to mean any firearm, loaded or unloaded, 30 inches or less in length, or any firearm, loaded or unloaded, which by its construction and appearance conceals it as a firearm.

In sum, MCLA 750.227; MSA 28.424 applies only to those dangerous weapons enumerated therein. M-1 rifles are not so included. In reaching this

conclusion it is important to stress, however, that the Legislature did not, through inadvertence or intent, neglect to consider the problems and dangers posed by the carrying about of long-barreled firearms. The Legislature made specific provision on point in an earlier section of the same act,[1] which reads as follows:

"Carrying firearm or dangerous weapon with unlawful intent—Any person who, with intent to use the same unlawfully against the person of another, goes armed with a pistol or other *firearm* or dagger, dirk, razor, stiletto, or knife having a blade over 3 inches in length, or any other dangerous or deadly weapon or instrument, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years or by a fine of not more than 2,500 dollars." (Emphasis added.) MCLA 750.226; MSA 28.423.

Without any question whatever, an M-1 rifle is a "firearm" within the scope of MCLA 750.226. Concluding that M-1s are covered by MCLA 750.226 and not by MCLA 750.227 not only accords with a strict reading of both statutes involved, it reflects as well an ordered regulatory scheme enacted by the Legislature. The prohibition against carrying long-barreled firearms does not reasonably belong in a "concealed" weapons class of crimes.

The greater difficulty in prosecuting crimes proscribed under MCLA 750.226 which does require proof of "intent to use the [weapon] unlawfully" in order to support a conviction does not, of course, escape us. It appears, however, that the Legislature was cognizant of the fact that to hold that rifles are included within the proscription of MCLA 750.227 would be to subject most weekend hunters, for example, to potential *felony* prosecution under MCLA 750.227 notwithstanding their lack of intent to unlawfully use their hunting

---

[1] 1931 PA 328.

rifles.[2] Whether the crime situation presently requires consideration of more stringent regulation of the carrying of long guns, under different conditions or with different intent from that set out in MCLA 750.226, would require legislative resolution and is beyond the proper authority of the judiciary.

In short, what we hold herein should not be taken in any way, shape or form to legalize the carrying about of M-1 rifles or any other sort of weapon hitherto considered "dangerous" with unlawful intent. In light of the extant statutory scheme, we merely hold that the prosecution erred in charging and trying defendant under the inapposite auspices of MCLA 750.227.

Our disposition of this issue makes it unnecessary to reach question II.

The information should have been quashed.

Reversed.

T. M. KAVANAGH, SWAINSON, WILLIAMS, and M. S. COLEMAN, JJ., concurred with T. G. KAVANAGH, C. J.

LEVIN and J. W. FITZGERALD, JJ., did not sit in this case.

[2] However, it should be noted that the improper carrying of rifles is also illegal under MCLA 312.10(d-1); MSA 13.1339(d-1), wherein it is provided:

"It shall be unlawful:

* * *

"(d-1) For any person, except as may be otherwise permitted by law, to transport, or have in possession in or upon an automobile or any self-propelled vehicle designed for land travel any firearm except a pistol or revolver unless the same be taken down or enclosed in a case or carried in the trunk of such automobile."

There are also other specific statutes which apply to dangerous weapons other than those specified in the statute under which the defendant was charged. *See,* for example, MCLA 750.224; MSA 28.421 which applies to the manufacture, sale or possession of a machine gun, silencer, bomb, blackjack, slung shot, billy, metallic knuckles, sand club, bludgeon, or gas container.