PEOPLE v DIERICKS

WEAPONS—CRIMINAL LAW—FIREARMS—POSSESSION—STATUTES.

> A firearm over 30 inches in length does not fall within the meaning of "other dangerous weapon" contained in the statute which proscribes possession of dangerous weapons in an automobile; the language of the statute has been limited by case law to pistols and weapons of the stabbing type (MCLA 750.227).

Appeal from Oakland, Robert B. Webster, J. Submitted Division 2 March 11, 1975, at Lansing. (Docket No. 19450.) Decided April 24, 1975.

Kenneth R. Diericks was convicted of carrying a dangerous weapon in an automobile. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Carlton R. Roeser,* Assistant Prosecuting Attorney, for the people.

*Douglas Chartrand,* for defendant.

Before: DANHOF, P. J., and D. E. HOLBROOK, JR. and O'HARA,* JJ.

D. E. HOLBROOK, JR., J. Defendant was convicted by a jury of carrying a dangerous weapon in an automobile, contrary to MCLA 750.227; MSA

REFERENCE FOR POINTS IN HEADNOTE
56 Am Jur, Weapons and Firearms § 5.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

28.424. From such conviction he appeals as of right.

The weapons defendant was convicted of carrying consisted of a loaded semi-automatic rifle and a loaded 12-gauge shotgun. Counsel for appellant and appellee both agree that each of such weapons was more than 30 inches in length.

The recent decision of our Supreme Court in *People v Smith,* 393 Mich 432; 225 NW2d 165 (1975), is dispositive of this appeal. In that case it was held that firearms over 30 inches in length do not fall within the language "or other dangerous weapon" contained in the statute. The *Smith* court specifically limited such language to weapons of the stabbing type. Neither, it was held, do such weapons fall within the definition of the word "pistol" as referred to in the statute. A reading of *Smith, supra,* leads us to conclude that the court did not pronounce a "new" interpretation of the statute but merely reiterated that which has always been the law. The question of retroactivity is therefore moot.

In *People v Smith, supra,* Chief Justice Thomas G. KAVANAGH, speaking for the Court, stated, p 435: "No one suggests that an M-1 rifle is not a dangerous weapon." We agree. We express regret that the Supreme Court chose to adopt the interpretation it did. Had the statute said "or other *similar* dangerous weapon" (emphasis supplied), we would have little difficulty conceiving the logic of such interpretation. We harbor grave concern with the Court's interpretation in view of the dangerous consequences which might forseeably ensue as a result of carrying loaded rifles and shotguns in automobiles. A victim of a rifle or shotgun blast most certainly can become just as dead or maimed as one shot by a pistol or stabbed

by a stabbing type instrument to which weapons the Supreme Court has seen fit to limit the statute.

While we hope our state's highest court will see fit to reconsider its decision in *People v Smith, supra,* we have no alternative but to follow its mandates.

Resolution of the foregoing issue being dispositive hereof, discussion of appellant's remaining assignments of error is rendered unnecessary.

Accordingly, with reluctance, we have no alternative but to vacate defendant's conviction in this case.

Reversed.