PEOPLE v CRAIG

Docket No. 68291. Submitted October 4, 1983, at Detroit.—Decided
December 6, 1983. Leave to appeal denied, 419 Mich —.

Warren Craig was bound over for trial in Wayne Circuit Court on
a charge of breaking into a coin operated device. He moved to
quash the information against him. The motion was denied,
Thomas J. Brennan, J. Defendant appealed by leave granted.
*Held:*

1. The prosecutor presented evidence that defendant had
taken money from a bus fare box. A bus fare box is not a coin
operated device as that term is used in the title of the statute
under which defendant was charged. To include a bus fare box
within the meaning of the title of the act would violate the
title-object clause of the Michigan Constitution.

2. Defendant should have been charged under another stat-
ute which provides that stealing from a bus fare box constitutes
a six-month misdemeanor. The information against defendant
is quashed.

Reversed and remanded.

1. STATUTES — JUDICIAL CONSTRUCTION — *EJUSDEM GENERIS.*

The rule of statutory construction known as *"ejusdem generis"* is
the rule whereby, in a statute in which general words follow a
designation of particular subjects, the meaning of the general
words will ordinarily be presumed to be and construed as
restricted by the particular designation and as including only

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 214.
  Supreme Court's application of the rules of ejusdem generis and
    noscitur a sociis. 46 L Ed 2d 879.
[2] 14 Am Jur 2d, Carriers § 785.
  Criminal prosecution based upon breaking into or taking money or
    goods from vending machine or other coin operated machine. 45
    ALR3d 1286.
[3, 4] 73 Am Jur 2d, Statutes §§ 98, 99, 102, 122.
[5] 4 Am Jur 2d, Appeal and Error §§ 13, 14.
  73 Am Jur 2d, Statutes § 104.

things of the same kind, class, character, or nature as those specifically enumerated.

2. CRIMINAL LAW — COIN OPERATED DEVICES — BUS FARE BOXES.

A bus fare box is not a coin operated device as that term is used in the criminal statute covering the breaking into of coin operated devices; a coin operated device is the type of object that itself provides the desired service or good by reacting mechanically after the coin is inserted (MCL 752.811[a]; MSA 28.643[101][a]).

3. CONSTITUTIONAL LAW — STATUTES — TITLE-OBJECT CLAUSE.

The title-object clause of the Michigan Constitution requires that an act itself not exceed the scope of its title; a statute will satisfy this requirement if its title fairly indicates to a reasonable and inquiring mind its general scope, intent, and purpose or if it centers to one main general object or purpose which the title comprehensively declares (Const 1963, art 4, § 24).

4. STATUTES — TITLE OF ACT — JUDICIAL CONSTRUCTION.

An act's title prevails where the body of the act is broader in scope than the limitations set forth in the title.

5. STATUTES — TITLE OF ACT — JUDICIAL CONSTRUCTION.

The Court of Appeals has no power to enlarge the scope of the title of an act.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Kevin T. Simowski,* Assistant Prosecuting Attorney, for the people.

*Peter H. Moray,* for defendant on appeal.

Before: M. J. KELLY, P.J., and HOOD and SHEPHERD, JJ.

PER CURIAM. On September 19, 1982, after a preliminary examination, defendant was bound over to circuit court on a charge of breaking into a coin operated device, MCL 752.811(a); MSA 28.643(101)(a). Subsequently, the circuit court de-

nied his motion to quash the information. He appeals by leave granted.

At the preliminary examination, the prosecution presented evidence that defendant, then a coach operator, had taken money with a wire metal instrument from a bus fare box while the bus was parked at the SEMTA bus terminal in Inkster. Defendant now argues that a bus fare box is not covered by MCL 752.811; MSA 28.643(101), which reads:

"An Act relating to coin operated devices, including but not limited to parking meters, coin telephones and vending machines; and providing for a penalty.

\* \* \*

"A person shall be guilty of a felony punishable upon conviction by confinement in the state prison for a period not to exceed 3 years or by a fine of not more than $1,000.00 or both if he does either of the following:

"(a) Enters or forces an entrance, alters or inserts any part of an instrument into any parking meter, vending machine dispensing goods or services, money changer or any other device designed to receive currency or coins with the intent to steal.

"(b) Knowingly possesses a key or device, or a drawing, print or mold thereof, adapted and designed to open or break into any such machine with intent to steal money or other contents from it."

Reading only the body of the statute, we could reasonably conclude that defendant's alleged actions are included. A bus fare box may be defined as "a device designed to receive currency or coins". However, we decline to include a bus fare box within the statute because we believe that such interpretation would violate the title-object clause

of the Michigan Constitution. Const 1963, art 4, § 24.[1]

The legal concept of *ejusdem generis* states that, in a statute where general words follow the designation of particular subjects, the meaning of the general words will ordinarily be presumed to be and construed as restricted by the particular designation and as including only things of the same kind, class, character, or nature as those specifically enumerated. *People v Smith,* 393 Mich 432, 436; 225 NW2d 165 (1975). As recited above, the title to 1970 PA 126 states: "An Act relating to coin operated devices, including but not limited to parking meters, coin telephones and vending machines * * *." In the present statute, the general words are "coin operated devices". The more particular words are "parking meters, coin telephones and vending machines". Obviously, the statute is not restricted to only parking meters, coin telephones, and vending machines. It is also obvious, however, that parking meters, coin telephones, and vending machines are of a type clearly different from currency receptacles such as bus fare boxes.

We conclude that a bus fare box is not included in this title. As commonly understood, a "coin operated device" includes such objects as vending machines, pay telephones, pay video games, and slot machines. Other courts have defined a coin operated device as "a device or a machine operated by a coin or by a substitute for a coin", *Remington-Rand, Inc v Gage,* 4 F Supp 199, 200 (WD NY, 1933), and, "In addition to its function as a dispenser, it serves as a salesman", *United Postage Corp*

---

[1] In addition, when interpreting a statute, we must construe ambiguities in favor of lenity. *Bell v United States,* 349 US 81; 75 S Ct 620; 99 L Ed 905 (1955); *People v Bergevin,* 406 Mich 307; 279 NW2d 528 (1979).

*v Kammeyer,* 581 SW2d 716, 721 (Tex Civ App, 1979).[2] Black's Law Dictionary (4th ed), p 1243, defines "operation" in turn as "Exertion of power; * * * an effect brought about in accordance with a definite plan; action; activity". Under these definitions, a coin operated device is the type of object that *itself* provides the desired service or good by reacting mechanically after the coin is inserted.

A bus fare box is not such a device. Instead, it is merely a receptacle that receives and stores money.[3] While a coin operated device physically requires payment before the service or good is rendered, inserting money in a bus fare box does not trigger a mechanism which provides the service.

Therefore, if we interpreted "a device designed to receive currency or coins" to include a bus fare box, the act would exceed the scope of its title. But the title-object clause requires that the act itself not exceed the scope of its title. *Maki v East Tawas,* 385 Mich 151, 157; 188 NW2d 593 (1971). A statute will satisfy this requirement if it fairly indicates to a reasonable and inquiring mind its general scope, intent, and purpose. *Green v Court Administrator,* 44 Mich App 259, 263-264; 205 NW2d 306 (1972). A statute likewise satisfies this requirement "if the act centers to one main general object or purpose which the title comprehensively declares * * *". *Loomis v Rogers,* 197 Mich 265, 271; 163 NW 1018 (1917).

In *Maki, supra,* the title to the act in question stated that the act would grant governmental immunity for injuries caused by negligence. How-

---

[2] In *United Postage,* the defendants had characterized the machines in that case as silent salesmen." 581 SW2d 721.

[3] *Webster's Third New International Dictionary,* p 441, brings out this distinction. It defines a coin box as "a locked receptable to store the coins inserted in a coin-operated device (as in a pay phone)".

ever, the body of the act itself granted such immunity for "tort liability". The Supreme Court held that this discrepancy violated the title-object clause.

In *Bankhead v Mayor of River Rouge,* 387 Mich 610; 198 NW2d 414 (1972), the Supreme Court again held that the clause was violated. There, the title stated that the act would create a board of tenant affairs in every city of 1,000,000 or more having a housing commission and operating one or more housing projects. The Supreme Court therefore held that, even though the body of the act created a board of tenant affairs for each city having a housing commission and operating one or more housing projects, the defendant was not entitled to the benefits of the act because its population was less than 1,000,000. Where the body of the act is broader in scope than the limitations of its title, the title prevails. *Bankhead v Mayor of River Rouge,* 35 Mich App 7, 15; 192 NW2d 289 (1971), *aff'd* 387 Mich 610; 198 NW2d 414 (1972).

Likewise, the Supreme Court again held that the clause was violated in *People v Stanton,* 400 Mich 192; 253 NW2d 650 (1977). There, the title stated that the act proscribed bringing weapons into a prison. By the time the defendant was tried, the act (but not the title) had been amended to also proscribe possessing a weapon in a prison.

Although the title to 1970 PA 126 clearly refers to coin operated devices, it does not refer to currency receptacles like bus fare boxes. Defining the words "device designed to receive currency" in the body of the act to include a bus fare box would cause the scope of the act to exceed the scope of the title. This construction would violate the title-object clause because we have no power to enlarge the scope of the title. *In the Matter of Charles*

*Hauck on Habeas Corpus,* 70 Mich 396, 403; 38 NW 269 (1888).

However, construing MCL 752.811; MSA 28.643 to exclude bus fare boxes does not leave bus companies unprotected. MCL 750.113; MSA 28.308 proscribes stealing from such boxes. Under that statute, the Legislature clearly provided that stealing from a bus fare box constitutes a six-month misdemeanor.

Reversed and remanded. The information is quashed.