PEOPLE v JOHNSON

Docket No. 102110. Submitted April 20, 1988, at Grand Rapids.
Decided February 21, 1989.

Jack A. Johnson was charged in the Kalamazoo Circuit Court
with unlawfully carrying a dangerous weapon in an automobile
when, following a traffic stop, police found an ax handle fash-
ioned as a club in his car. The court, Richard Ryan Lamb, J.,
denied defendant's motion to dismiss. Defendant appealed by
leave granted.

The Court of Appeals *held:*

The statute prohibiting the carrying of a dangerous weapon
in an automobile applies only to stabbing-type weapons and
does not prohibit the carrying of an ax handle fashioned as a
weapon.

Reversed.

WEAPONS — CONCEALED WEAPONS — CARRYING A WEAPON IN AN
AUTOMOBILE.

The statute prohibiting the carrying of a dangerous weapon in an
automobile applies only to stabbing-type weapons and does not
prohibit the carrying of an ax handle fashioned as a weapon
(MCL 750.227[1]; MSA 28.424[1]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *James J. Gregart,* Prose-
cuting Attorney, and *David W. DeBack,* Assistant
Prosecuting Attorney, for the people.

*Richard D. Stroba, P.C.* (by *Richard D. Stroba*),
for defendant.

REFERENCES

Am Jur 2d, Weapons and Firearms §§ 8 *et seq.*

What constitutes "dangerous weapon" under statutes prohibiting
the carrying of dangerous weapons in motor vehicles. 2 ALR4th
1342.

Before: WEAVER, P.J., and McDONALD and W. R. PETERSON,* JJ.

McDONALD, J. Defendant appeals by leave granted from a circuit court order denying his motion to dismiss a concealed weapon charge. MCL 750.227; MSA 28.424. We reverse.

Following a routine traffic stop, defendant was arrested for carrying an ax handle in his auto. The ax handle was described as being approximately 16¾ inches in length with about 12 inches of electrical wire threaded through a hole at one end. Defendant was charged with carrying a concealed weapon in an auto contrary to MCL 750.227(1); MSA 28.424(1).

Prior to trial defendant moved to dismiss the charge claiming an ax handle is not a dangerous weapon proscribed by the statute. The trial court denied defendant's motion finding the question whether the ax handle was a dangerous weapon should be submitted to a jury.

On appeal defendant argues the charge should be dismissed because § 227(1) applies only to stabbing-type weapons. We agree on both counts.

MCL 750.227(1); MSA 28.424 provides in pertinent part:

A person shall not carry a dagger, dirk, stiletto, a double-edged nonfolding stabbing instrument of any length, or any other dangerous weapon, except a hunting knife adapted and carried as such, concealed on or about his or her person, or whether concealed or otherwise in any vehicle operated or occupied by the person, except in his or her dwelling house, place of business or on other land possessed by the person.

* Circuit judge, sitting on the Court of Appeals by assignment.

Relying on *People v Vaines,* 310 Mich 500; 17 NW2d 729 (1945), and *People v Brown,* 406 Mich 215; 277 NW2d 155 (1979), the people claim "other dangerous weapon" as used in § 227(1) means any concealed article or instrument which the carrier used, or carried for the purpose of using, as a weapon for bodily assault or defense. In contrast, citing *People v Smith,* 393 Mich 432; 225 NW2d 165 (1975), defendant argues the rule of "ejusdem generis" limits the application of this section to the weapons enumerated and similar stabbing weapons.

We agree an analysis of these decisions is necessary to resolve the issue presented. It should be noted that, although these cases interpreted a predecessor statute, the current statute is similar in all material respects.

In *Vaines* the issue before the Court was whether a single folding blade knife $3\frac{5}{16}$ inches long was a "dangerous weapon" within the meaning of § 227(1). Reversing the conviction the Court held the knife to be an ordinary jackknife and not per se a dangerous weapon. The Court further found to be a question of fact whether an article was used or carried for the purpose of use as a weapon of assault or defense and discharged the defendant for lack of such evidence.

Thirty years later in *Smith,* the defendant, charged with carrying an M-1 rifle in a motor vehicle contrary to § 227(1), raised the issue whether the section proscribes the carrying of all dangerous weapons or only those of the types specified. The Court held the rule of "ejusdem generis" limited the application of § 227(1) to the weapons enumerated and similar stabbing weapons.

Four years later in *Brown,* the defendant was charged with carrying a machete in an auto. The

issue was whether § 227(1) as interpreted by *Smith* imposed strict liability for the carrying of all pointed instruments which could be utilized as stabbing weapons. The Court held that *Smith* does not impose such strict liability. The Court further reaffirmed it's holding in *Vaines* and held that the prosecution must prove an instrument to be a dangerous weapon per se or an instrument used, or intended for use, as a weapon for bodily assault or defense.

Thus, when read together, we believe *Vaines, Brown* and *Smith* hold that § 227(1) applies only to stabbing type weapons and, further, find the question whether a pointed instrument is per se a dangerous weapon or one used, or intended for use, as a weapon for bodily assault or defense to be one of fact. Although the Court in *Vaines* may have indicated by way of dicta that any item used for the purpose of assault or defense falls within the proscription of § 227(1),[1] the Court later, when specifically faced with the issue in *Smith,* limited the application of § 227(1) to only those weapons enumerated and similar stabbing weapons. This conclusion is further supported by CJI 11:1:02, Carrying a Concealed Weapon—Dangerous Weapon, and CJI 11:1:04, Definition of Dangerous Stabbing Weapon, and relevant commentary.

Defendant next argues that the determination whether the ax handle falls within the ambit of the statute is a question of law. In *Vaines, Smith* and *Brown* the Courts inferentially decided that determination is one of law. To leave such a decision to the factfinder might result in the prosecution of a person for concealed possession or

---

[1] The dicta in *Vaines, supra,* arises from the Court's quotation of the language contained in *People v Goolsby,* 284 Mich 375; 279 NW 867 (1938), a case addressing what weapons might be considered dangerous from their use under the felonious assault statute.

carrying in a vehicle of alleged weapons such as pens, flashlights, wire or other totally innocuous items. We do not believe the Legislature intended such a result.

Defendant further claims that if § 227(1) is not restricted to stabbing type weapons then the section is constitutionally overbroad and vague as applied to defendant. In view of our holding we will not address this claim.

Since no one argues an ax handle is a stabbing weapon we reverse and dismiss the charge herein.

Reversed.